IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CRAIG PARTRIDGE, GDC #844679,           )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )    CIVIL ACTION NO. 3:11-CV-247-ID
                                        )              [WO]
                                        )
RANDOLPH COUNTY, et al.,                )
                                        )
            Defendants.                 )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

In this 42 U.S.C. § 1983 action, Craig Partridge ["Partridge"], an indigent inmate currently confined in the Coweta County Jail in Newnan, Georgia, challenges the constitutionality of his confinement in the Randolph County Jail from October 6, 2010 until December 1, 2010 on an order issued by Judge W. P. Whaley, the district judge for Randolph County, Alabama.  *Plaintiff's Complaint - Court Doc. No. 1* at 3.  Partridge also presents claims regarding actions taken against him and the conditions of confinement to which he was subjected whiled confined in the Randolph County Jail.  *Id.* at 4.  Partridge seeks monetary damages from the defendants for the alleged violations of his constitutional rights.  *Id.*

Upon review of the complaint, the court concludes that dismissal of the plaintiff's claims against Judge Whaley are due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B) (i) and (iii).[1]

---

[1] The court entered an order granting Partridge leave to proceed *in forma pauperis* in this cause of action.  *Order of April 5, 2011 - Court Doc. No. 4*.  Consequently, Partridge must have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  The Request for Monetary Damages from Judge  Whaley

Partridge alleges an order issued by Judge Whaley resulted in his improper confinement in the Randolph County Jail during the latter part of 2010.  It is clear the allegations made by Partridge against Judge Whaley emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well established that a state judge is "entitled to absolute judicial immunity from damages for those acts taken while ... acting" pursuant to his judicial authority.  *Bolin v. Story*, 225 F.3d 1234, 1239 (11ᵗʰ Cir. 2000); *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11ᵗʰ Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  *Bolin*, 225 F.3d at 1239.  Accordingly, Partridge's request for monetary damages from Judge Whaley is "based on an indisputably meritless legal theory" and is therefore due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### B.  Declaratory Relief

To the extent the claims presented by Partridge attack the constitutionality of orders and/or actions undertaken by Judge Whaley which have become final in accordance with state law, he is likewise entitled to no relief.  In an action filed pursuant to 42 U.S.C. § 1983, this court is prohibited from rendering declaratory relief with respect to such challenged decisions of Judge Whaley.  "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Partridge from proceeding before this court as this case, with respect to Partridge's claims attacking final orders issued by the state court in a previous criminal proceeding, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201.  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the request for relief from final actions undertaken by the state court during proceedings related to the plaintiff's prior criminal conviction is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 327.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Judge W. P. Whaley  be DISMISSED with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2.  Judge W. P. Whaley be DISMISSED as a defendant in this cause of action.

3.   The plaintiff's claims against the remaining defendants be referred back to the

undersigned for appropriate proceedings.

It is further

ORDERED that on or before April 20, 2011 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of April, 2011.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE