IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG PARTRIDGE, GDC #844679, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:11-CV-247-ID |
| | ) | [WO] |
| | ) | |
| RANDOLPH COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Craig Partridge ["Partridge"], an indigent inmate, initiated this 42 U.S.C. § 1983 complaint challenging the conditions of confinement during his confinement at the Randolph County Jail in November of 2010. The order of procedure entered in this case specifically directed Partridge to immediately inform the court of any change in his address. *Order of April 5, 2011 - Court Document No. 5 at 5.*

On May 13, 2011, this court entered an order, a copy of which the Clerk mailed to Partridge. The postal service returned this order because Partridge no longer resided at the address he had provided to the court. In light of the foregoing and as this case cannot proceed without a proper address for Partridge, the court entered an order requiring that on or before June 3, 2011 Partridge inform the court of his present address. *Order of May 25, 2011 - Court Doc. No. 25*. This order specifically cautioned Partridge that his failure to comply with its directives would result in a recommendation that this case be dismissed. *Id*.

The court has received no response from Partridge to the aforementioned order. As is clear from the foregoing, Partridge has failed to comply with the directives of the orders entered by this court and this case cannot properly proceed in his absence. It is likewise clear that Partridge is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to prosecute this action.

It is further

ORDERED that on or before June 29, 2011 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former

Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of June, 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE